```
                    UNITED STATES DISTRICT COURT
                              FOR THE
                        DISTRICT OF VERMONT
```

UNITED STATES OF AMERICA   )
                           )
v.                         )      Case No. 5:14-cr-00058
                           )
JOHN PILCHER,              )
                           )
    Defendant.             )

**OPINION AND ORDER**
(Doc. 88)

The indictment in this case was returned almost two years ago. Mr. Pilcher pled guilty in September 2015. The case has moved at a snail's pace for a variety of reasons which have not been the fault of either party. But now it is time to bring the case to a conclusion and hold a sentencing hearing which has been continued several times.

The Government has moved to preclude the admission of testimony from John Donnelly, a Ph.D. level psychologist, and Michael Vinton, a polygraph examiner. The Government also takes issue with the late disclosure of a report from Susan Robinson who is a social worker licensed to perform counseling and has seen Mr. Pilcher in therapy. The Government also complains about the affidavit submitted by Robert Knudsen concerning his examination of the defendant's computer.

The Government is not wrong. These reports – several of which have existed for many months and in the case of Dr. Donnelly's initial report almost a year – should have been provided in a timely fashion. Only imagine the complaining from the defense if the Government revealed expert reports late.

There are two reasons why the court will not grant the relief the Government seeks: (1) the court is satisfied that the prosecution received informal notice through emails that the reports existed and that these witnesses could appear at trial, and (2) the reports contain little information which is particularly controversial.

Dr. Donnelly describes facts from his interview process which are consistent with the presentence report. His conclusions are very limited. They include the observation that some studies show a relatively low rate of contact offenses and violations of conditions for internet offenders. He notes that there is no evidence that Mr. Pilcher has committed a contact offense and that continued participation in treatment and measures such as unannounced visits by probation officers and an open relationship with his wife will reduce the risk of relapse. The follow-up report dated November 14, 2015 adds factual detail but does not change these very modest findings.

Mr. Vinton, the polygraph examiner, concludes that his test shows that Mr. Pilcher answered truthfully when he denied opening a computer file containing child pornography and that he has not had sexual contact in the last 20 years with someone under the age of sixteen. There are good reasons why polygraph examiners are not permitted to testify in court in the absence of stipulation. *See United States v. Kwong*, 69 F.3d 663 (2d Cir. 1995); *United States v. Messina*, 131 F.3d 36, 41–42 (2d Cir. 1997) (sentencing court did not commit clear error in finding polygraph results unworthy of credit). The concerns expressed by judges for decades include the view that polygraphs are unreliable and that any benefit from their admission is outweighed by confusion and uncertainty over their validity. This court shares those views. In this case, the inclusion of the report in the defendant's submission is not particularly prejudicial to the Government because the court is skeptical about the reliability of the underlying science. Whether matters change with live testimony from the examiner is possible, of course, but not probable. Polygraphy has lived on the edge of forensic science for decades and has never achieved substantial recognition in the courtroom. This case is unlikely to change that story.

Ms. Robinson has written a conventional description of her treatment in the form of a letter to the court. It makes no promises or guarantees of success. It simply outlines the treatment, describes some of the problems Mr. Pilcher has experienced, and underscores Mr. Pilcher's desire to regain control over the offending behaviors. There is little in Dr. Robinson's letter which is unexpected or which could be "rebutted" by an opposing expert.

Finally, there is the affidavit of Mr. Knudsen who has determined to his satisfaction that the computer file containing child pornography on Mr. Pilcher's computer was not opened and viewed. The parties have already stipulated to the admissibility of the affidavit. The defense has

now submitted a narrative report from Mr. Knudsen dated March 15, 2016. The report covers the same ground as the affidavit which has long been known to the Government. There is no unfair surprise in the claim that Mr. Pilcher did not open the "red file" or that he did not save images found in the "temporary cache."

Without endorsing the late disclosure of the Donnelly reports, the court sees little in the disclosures which should delay sentencing even further. The computer issues have been known to both sides since August 2015. The therapist's report is essentially factual and makes few claims beyond a description of the issues she has discussed with Mr. Pilcher and their goal in future therapy. The polygraph report is of limited use due to continuing doubt about its reliability. Dr. Donnelly says almost nothing which is particularly controversial or cannot be addressed on cross-examination.

The Motion to Preclude Expert Testimony at Sentencing and/or to Extend Time to Prepare for Defendant's Sentencing Hearing (Doc. 88) is DENIED.

Dated at Rutland, in the District of Vermont, this 17th day of March, 2016.

_____
Geoffrey W. Crawford, Judge
United States District Court