AO 245B (Rev. 02/16) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
### District of Vermont

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| JOHN PILCHER | ) | Case Number: 5:14-cr-58-01 |
| | ) | USM Number: 09872-082 |
| | ) | Robert W. Katims, Esq. |
| | ) | Defendant's Attorney |

**U.S. DISTRICT COURT**
**DISTRICT OF VERMONT**
**FILED**
**2016 MAR 31 PM 3: 27**
**CLERK**
**BY /s/ pk**
**DEPUTY CLERK**

**THE DEFENDANT:**

☑ pleaded guilty to count(s)   1 of the Indictment

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☐ was found guilty on count(s) _____
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:2252(a)(4)(B), (b)(2) | Possession of Child Pornography | 2/21/2014 | 1 |

   The defendant is sentenced as provided in pages 2 through ___7___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____  ☐ is  ☐ are dismissed on the motion of the United States.

   It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

3/22/2016
Date of Imposition of Judgment

_/s/ Geoffrey W. Crawford_
Signature of Judge

JUDGMENT ENTERED ON
3/31/2016

Geoffrey W. Crawford, District Judge
Name and Title of Judge

3/31/2016
Date

| | Judgment — Page 2 of 7 |
|---|---|
| DEFENDANT: JOHN PILCHER | |
| CASE NUMBER: 5:14-cr-58-01 | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

8 months

☑ The court makes the following recommendations to the Bureau of Prisons:

that the defendant be incarcerated in a minimum security facility or camp setting.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

☑ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☑ before 2 p.m. on 5/3/2016 .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 02/16) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page 3 of 7

DEFENDANT: JOHN PILCHER
CASE NUMBER: 5:14-cr-58-01

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

    5 years

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☑    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☑    The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☑    The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐    The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B  (Rev. 02/16) Judgment in a Criminal Case
         Sheet 3A — Supervised Release

Judgment—Page __4__ of __7__

DEFENDANT:  JOHN PILCHER
CASE NUMBER:  5:14-cr-58-01

# ADDITIONAL SUPERVISED RELEASE TERMS
## (SPECIAL CONDITIONS)

The defendant shall participate in a mental health program approved by the United States Probation Office.  The defendant shall contribute to the cost of services rendered in an amount to be determined by the probation officer based on ability to pay or the availability of third party payment.

The defendant shall participate in a program approved by the United States Probation Office for alcohol abuse, which program may include testing to determine whether the defendant has reverted to the use of alcohol.  The defendant shall contribute to the cost of services rendered in an amount to be determined by the probation officer based on ability to pay or the availability of third party payment.  The defendant shall refrain from the use of alcohol and other intoxicants during and after treatment.

The defendant shall not incur new credit charges or open any additional lines of credit without approval of the probation officer until the financial obligation is paid in full.

The defendant shall permit the probation officer access to any requested financial information until the financial obligation is paid in full.

The defendant shall participate in an approved program of sex offender evaluation and treatment, which may include polygraph examinations, as directed by the probation officer.  Any refusal to submit to such assessment or tests as scheduled is a violation of the conditions of supervision.  The defendant will be required to pay the cost of treatment as directed by the probation officer.  The court authorizes the probation officer to release psychological reports and/or the pre-sentence report to the treatment agency for continuity of treatment.

The defendant shall register as a sex offender in any state where the defendant resides, is employed, performs volunteer service, carries on a vocation, or is a student, as required by law.

The defendant shall provide the probation officer with access to any requested records, such as bills or invoices for credit cards, telephone and wireless communication services, television provider services, and Internet service providers.

The defendant shall provide the probation officer with a complete and current inventory of the number of computers used by the defendant along with a monthly log of computer access.

The defendant shall not use a computer device that has Internet access until a Computer Use Plan is developed and approved by his treatment provider and/or probation officer.  Such plan, at a minimum, must require the defendant to submit a monthly record of Internet use, online screen names, encryption methods, and passwords utilized by the defendant.

The defendant shall not access any computer that utilizes any "cleaning" or "wiping" software programs.

The defendant shall consent to third-party disclosure to any employer, potential employer, community service site, or other interested party, as determined by the probation officer, of any computer-related restrictions that are imposed.

The defendant shall not possess images or videos depicting sexually explicit conduct involving adults, as defined in 18 U.S.C. § 2256(2)(A); child pornography, as defined in 18 U.S.C. § 2256(8); or visual or text content involving minors which has sexual, prurient or violent interests as an inherent purpose.

The defendant shall not associate or have contact, directly or through a third party, with persons under the age of 18, other than his children, except in the presence of a responsible adult who is aware of the nature of the defendant's background, and who has been approved in advance by the probation officer.  Such prohibited conduct shall include the use of electronic communication, telephone, or written correspondence.

DEFENDANT: JOHN PILCHER
CASE NUMBER: 5:14-cr-58-01

## SPECIAL CONDITIONS OF SUPERVISION
### (CONTINUED)

The defendant shall avoid and is prohibited from being in any areas or locations where children are likely to congregate, such as schools, daycare facilities, playgrounds, theme parks, or arcades, unless prior approval has been obtained from the probation office.

The defendant shall allow, at the direction of the probation officer and at the defendant's expense, the installation of monitoring hardware or software to monitor the defendant's use of computer systems, internet-capable devices and/or similar electronic devices under the defendant's control.

The defendant may not use sexually oriented telephone numbers or services.

The defendant shall have no contact, directly or through a third party, with the victims in this case. Such prohibited conduct shall include the use of electronic communication, telephone, or written correspondence.

The defendant shall submit his person, and any property, house, residence, vehicle, papers, computer, other electronic communications or data storage devices or media, and effects to search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by the person, and by any probation officer in the lawful discharge of the officer's supervision functions. Such searches may include the removal of such items for the purpose of conducting a more thorough inspection. The defendant shall inform other residents of this condition. Failure to submit to a search may be grounds for revocation.

AO 245B (Rev. 02/16) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page 6 of 7

DEFENDANT: JOHN PILCHER
CASE NUMBER: 5:14-cr-58-01

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ 100.00 | $ | $ 36,000.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☑ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| K. F.* |  | $3,000.00 | 100% |
| B. D.* |  | $3,000.00 | 100% |
| C. L.* |  | $3,000.00 | 100% |
| Children's Assessment Center Foundation<br>2500 Bolsover Street, Houston, TX 77005 |  | $27,000.00 | 100% |
| *U.S. Probation Office will give full names and addresses of the victims to the U.S. District Court for payment. |  |  |  |
| TOTALS | $ 0.00 | $ 36,000.00 |  |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

  ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: JOHN PILCHER
CASE NUMBER: 5:14-cr-58-01

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☑ Lump sum payment of $ 36,000.00 due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance    ☐ C,    ☐ D,    ☐ E, or    ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☑ Special instructions regarding the payment of criminal monetary penalties:

    The defendant will make a direct payment of $27,000 to The Children's Assessment Center Foundation. Payment in the total amount of $9,000 to K. F., B. D., and C. L. ($3,000 to each victim) will be paid by the defendant to the U. S. District Court.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.